UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RYAN DANIEL GOSSO,

      Plaintiff,

v.

ERIN ALEXANDER,

      Defendant.

Civil No. 08-1587 (ADM/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Minnesota Correctional Facility at Stillwater, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court previously ruled that Plaintiff's IFP application could not be granted unless he first paid an initial partial filing fee in the amount of $45.17, as required by 28 U.S.C. § 1915(b)(1). (See Order dated June 6, 2008; [Docket No. 3].) Plaintiff responded to that ruling by sending a notice to the Court, (Docket No. 4), in which he contends that he cannot afford to pay the initial partial filing fee required by § 1915(b)(1). Although the Court is not fully persuaded that Plaintiff should be excused from paying his initial partial filing fee, it will be assumed, for now, that he has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and this matter will therefore proceed directly to the initial screening process prescribed by § 1915A.

**I. BACKGROUND**

in August 2007, Plaintiff allegedly told a prison psychologist that he was suffering from "stress, depression [and] anxiety," caused by his participation in a chemical dependency treatment program. Plaintiff also allegedly told the psychologist about his "life story on person stuff," and about his experiences in "mental hospitals." Sometime thereafter, the psychologist allegedly shared some of this information with a prison therapist – Defendant Erin Alexander. Later still, Plaintiff allegedly attended a group therapy session led by Defendant. According to Plaintiff, Defendant "tried to humiliate" him, by talking about some of the "confidential stuff" that he had told the psychologist.

Plaintiff allegedly told Defendant's "boss" that he felt threatened by his experience with Defendant, but he was told to just "deal with it." As a result, Plaintiff allegedly "was in stress, depression and more for 4 months in there [sic] triad treatment zoo." At some point, Plaintiff was removed from the prison's chemical dependency treatment program, allegedly because he "kept trying to contact higher up people for help." He also alleges that he "was forced to sign a paper for 30 days exstend [sic] incarceration." Finally, Plaintiff alleges that he has "now also found out that [Defendant] does not have [a] license for chemical dependency treatment."

Based on these minimal allegations, Plaintiff is seeking a judgment in this matter that would cause Defendant to "loose [sic] her licences in any field working with people," and cause her to be criminally prosecuted for what she allegedly did to Plaintiff and others. Plaintiff is also asking for the "day's [sic] back that were taken," (apparently meaning some lost sentence credits), and for money damages for the time when he was "stressed and depressed."

## II.  DISCUSSION

Plaintiff is a prisoner, (see 28 U.S.C. § 1915A(c)), who is seeking redress from a government employee.  Therefore, his pleading must be screened pursuant to 28 U.S.C. § 1915A, which requires federal courts to review every prisoner complaint brought against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The court must determine which aspects of the complaint are actionable and should be allowed to proceed.  To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).  In this case, the Court finds that Plaintiff has failed to state any actionable claim for relief against the named Defendant.

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).

Plaintiff's current pleading fails to state an actionable § 1983 claim against Defendant, because he has not alleged that Defendant violated his federal constitutional rights.  In fact, the complaint does not even mention the Constitution or any constitutional principle.  Furthermore, the complaint does not describe anything that Defendant allegedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights.

Plaintiff has alleged only that Defendant tried to humiliate him, "threatened" him (in some unspecified manner), and somehow caused him to be "stressed and depressed." Those allegations show that Plaintiff is upset about his experiences with Defendant, but they do not describe any actionable violation of Plaintiff's constitutional rights.

The Court further notes that Plaintiff cannot bring a § 1983 claim against Defendant for purely emotional injuries, (such as stress or depression), without some concomitant physical injury.  42 U.S.C § 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Plaintiff has not alleged that Defendant caused him any physical injury, so he cannot sue Defendant for any purely mental or emotional injury that he may have suffered.  See Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) ("we read section 1997e(e) as limiting recovery for mental or emotional injury in all federal actions brought by prisoners"), cert. denied, 544 U.S. 1061 (2005).

In addition, Plaintiff is asking for "day's [sic] back that were taken," which suggests that he is seeking a judgment that would shorten his prison term.  It is well-settled, however, that such relief is not available in a § 1983 civil rights action.  Heck v. Humphrey, 512 U.S. 477, 481 (1994) (a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action; habeas corpus is the exclusive federal remedy for a state prisoner who seeks an expedited release from custody).  See also Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (same).

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Court will also recommend that Plaintiff's IFP application, (see fn. 1, supra), be denied, because the complaint fails to state an actionable claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[2] Plaintiff has not yet paid any fee in this matter, so he still owes the full $350. Prison officials will have to deduct that amount from Plaintiff's trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Court will further recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

---

[2] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated: June 19, 2008        s/ *Jeanne J. Graham*
                            JEANNE J. GRAHAM
                            United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 3, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.